[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The motion for summary judgment is denied.
(1) The third count and the allegations contained therein, based on a CUTPA claim, cannot be resolved on the basis of this record. This count refers to a CUIPA violation as the basis of the CUTPA violation. The third count itself doesn't refer to the specific CUIPA violation allegations set forth in the second count but apparently those are the violations on which the CUTPA violation is based. The seventh paragraph of the second count does purport to set forth factual allegations of a general business practice for a CUIPA violation. This is a motion for summary CT Page 12481-Y judgment but for all intents and purposes the parties have treated, this issue as if it was being tested by a motion to strike. Also the third count bases a CUTPA violation on alleged violations of Section 49-42 of the general statutes; these claims are supported by an affidavit from William Bartolli and make out a prima facie case for a CUTPA violation apart from the CUIPA claim.
As to the lack of a consumer relationship between the defendant Fireman's Fund and the plaintiff, that will not defeat a CUTPA claim, Larson Chelsey Realty Co. v. Larsen, 232 Conn. 480,495 (1995). Lack of a consumer relationship is simply alleged as a basis for the absence of a right to bring a CUTPA action. Firemen's Fund and the plaintiff were certainly in a business relationship where the activities of the Firemen's Fund affected the interests of the plaintiff. I won't grant this summary judgment when the only basis for it is the bald allegation that a certain relationship doesn't exist where a recent Supreme Court case makes clear that is not a requirement for a CUTPA action.
2. As a result of the letters and affidavit attached to the plaintiff's June 23, 1995 memorandum I conclude that a genuine issue of fact exists as to whether the defendant should be equitably estopped from asserting a statute of limitations defense.
Thomas Corradino, Judge CT Page 12481-Z